UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY KAHL, Administrator of the Estate of HEATHER KAHL, | ) ) ) | CASE NO. 1:18-cv-2731 |
| PLAINTIFF, | ) ) | JUDGE SARA LIOI |
| vs. | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| SPECTRUM SECURITY, LLC, etc., | ) ) | |
| DEFENDANTS. | ) | |

Before the Court is plaintiff's motion to remand (Doc. No. 11 ["Mot."]), which is opposed by defendants (Doc. No. 14 ["Opp'n"]).[1]

In the motion, plaintiff first asserts that "[t]he notice of removal does not allege who the members of [the] two [defendant] LLCs are, nor the members' states of citizenship." (Mot. at 59 (citing *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003 (6th Cir. 2009).[2]) In *Delay*, the Sixth Circuit noted that "a limited liability company . . . [has] the citizenship of each partner or member." *Delay*, 585 F.3d at 1005 (joining "every other circuit that has addressed this issue[]") (citations omitted).

In *Southwell v. Summit View of Farragut, LLC*, 494 F. App'x 508 (6th Cir. 2012), questioning whether the district court had jurisdiction over the case because the notice of removal had not sufficiently alleged diversity of citizenship, the Sixth Circuit allowed the limited liability

---

[1] Because diversity jurisdiction is clearly established by way of the affidavit attached to the opposition brief, and in light of the imminent Case Management Conference, the Court need not await any reply from plaintiff.

[2] As noted by defendants in their opposition, the other case cited by plaintiff, *Sanders v. Arctic Cat, Inc.*, No. 5:15-CV-2286, 2016 WL 1409212 (N.D. Ohio Apr. 11, 2016), is inapplicable. There, this Court remanded the case after holding that the defendants had failed to establish that the plaintiff had abandoned claims against non-diverse defendants.

company to submit affidavits evidencing the requisite citizenship and, in light of those representations, was satisfied that the parties were "completely diverse[.]" *Id*. at 510–11. Here, in an affidavit attached to the opposition brief, defendants set forth their entire corporate structure, establishing that none of their members are Ohio citizens. (Doc. No. 14-1, Affidavit of John S. Farmer.)

Plaintiff also asserts in its motion that the notice of removal alleges that plaintiff "resides in the State of Ohio," but does not allege plaintiff's citizenship. (Mot. at 59 (citing *Kmet v. Household Life Ins. Co.*, No. 1:09CV1933, 2009 WL 3817869 (N.D. Ohio Nov. 13, 2009).) In *Kmet*, the court, acting *sua sponte*, stated that the notice of removal alleged *only* the plaintiffs' residency and "provide[d] *no indication* as to the state of which the plaintiffs are in fact citizens." *Id.* at *1 (emphasis added).

Here, the notice of removal alleges *both* that plaintiff is a resident of Ohio *and* "not an individual citizen of any other state." (Doc. No. 1, Notice of Removal ¶ 6.) By implication, the notice is alleging that plaintiff *is* a citizen of Ohio. This is a sufficient "indication" of citizenship under the standard in *Kmet*.

The burden of establishing federal jurisdiction is on the removing party. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993). Defendants have met that burden.

Accordingly, plaintiff's motion to remand (Doc. No. 11) is denied.

**IT IS SO ORDERED**.

Dated: January 10, 2019

                                          **HONORABLE SARA LIOI**
                                          **UNITED STATES DISTRICT JUDGE**